UNITED STATES of America, Plaintiff—Appellee,

v.

Jason Lee BROWN, Defendant—Appellant.

No. 04–10444.

United States Court of Appeals, Ninth Circuit.

Submitted June 17, 2005.*

Decided July 5, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

Gary M. Restaino, Assistant U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Donna Lee Elm, Esq., FPDAZ—Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: REAVLEY,** T.G. NELSON, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Defendant Jason Lee Brown appeals the district court's order denying his suppression motion. Brown was convicted of one count of possession of stolen mail in violation of 18 U.S.C. § 1708 pursuant to a guilty plea that expressly preserved his right to appeal the suppression ruling. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court on the ground that the search was supported by reasonable suspicion.

A seizure does not violate the Fourth Amendment if it "was supported by reasonable and articulable suspicion that [the defendant] had committed, or was about to commit, a crime." *United States v. Summers*, 268 F.3d 683, 687 (9th Cir.2001). Here, the 7–11 convenience store clerk's 911 call provided the officers with reasonable suspicion to stop Brown. We have held that "[f]or a third-party report of suspected criminal activity to form the basis of an officer's reasonable suspicion, that report must possess sufficient indicia of reliability." *United States v. Fernandez–Castillo*, 324 F.3d 1114, 1117 (9th Cir.

2003). The 7–11 clerk's 911 call was not anonymous. The clerk not only gave her name, but also her work address and telephone number and she remained on the line to answer all the operator's questions. Additionally, the clerk's 911 call evidenced extremely detailed, first-hand, contemporaneous observations of her suspicions that a crime had almost just occurred. It is irrelevant that Brown's credit cards were not actually stolen. *See United States v. Rodriguez*, 869 F.2d 479, 483 (9th Cir. 1989) (noting that seemingly innocent behavior will frequently provide the basis for a showing of reasonable suspicion).

Accordingly, the judgment of conviction is AFFIRMED.

---

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

